**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JAMES J. MATHIAS,
          Appellant,

      v.

OFFICE OF PERSONNEL
   MANAGEMENT,
          Agency.

DOCKET NUMBER
AT-844E-20-0743-I-1

DATE: April 27, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Leah Bachmeyer Kille, Esquire, Lexington, Kentucky, for the appellant.

Jo Bell, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1      The agency has filed a petition for review of the initial decision, which reversed the reconsideration decision of the Office of Personnel Management

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

(OPM) and granted the appellant's application for disability retirement benefits under the Federal Employees' Retirement System (FERS). Generally, we grant petitions such as these only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    To be eligible for a disability retirement annuity under FERS, an appellant must establish the following elements: (1) he completed at least 18 months of creditable civilian service; (2) while employed in a position subject to FERS, he became disabled because of a medical condition, resulting in a deficiency in performance, conduct, or attendance, or, if there is no such deficiency, the disabling medical condition is incompatible with either useful and efficient service or retention in the position; (3) the disabling medical condition is expected to continue for at least 1 year from the date that the application for disability retirement benefits was filed; (4) accommodation of the disabling medical condition in the position held is unreasonable; and (5) the employee did not decline a reasonable offer of reassignment to a vacant position. *Chavez v. Office of Personnel Management*, 111 M.S.P.R. 69, ¶ 6 (2009). The

administrative judge found that the appellant met his burden of proving each of the aforementioned elements. Initial Appeal File (IAF), Tab 19, Initial Decision (ID) at 2, 9-12. The parties do not challenge the findings that the appellant established elements 1, 4, and 5, and we see no reason to disturb them. Petition for Review (PFR) File, Tab 1 at 5.

¶3        OPM argues that the administrative judge erred in finding that the appellant's medical conditions were incompatible with useful and efficient service because he submitted no competent medical evidence to support his claim to FERS disability retirement annuity benefits. *Id.* at 6-7. Specifically, OPM argues that the appellant's medical evidence from 2016 and 2017 is too stale and not revived by objective medical evidence surrounding his 2019 resignation. *Id.* at 7. We are unpersuaded.

¶4        An appellant can establish that his medical conditions are incompatible with useful and efficient service by showing the condition is inconsistent with working in general, working in a particular line of work, or working in a particular type of setting. *Rucker v. Office of Personnel Management*, 117 M.S.P.R. 669, ¶ 10 (2012). A determination on eligibility for disability retirement should take into account all competent medical evidence, including both objective clinical findings and qualified medical opinions based on the applicant's symptoms. *Chavez*, 111 M.S.P.R. 69, ¶ 7. In addition, the determination should include consideration of the applicant's own subjective evidence of disability and any other evidence of the effect of his condition on his ability to perform in the position he last occupied. *Id.*

¶5        Contrary to OPM's assertion, the appellant submitted medical evidence from just before his January 2019 resignation and from a few months following his January 2020 application for disability retirement. Specifically, he submitted records of a December 2018 physical examination and audiogram, which predate his resignation by just a month. IAF, Tab 11 at 108-14, Tab 12 at 92-94, Tab 13 at 59. He additionally submitted a functional capacity evaluation and statements

from his doctor and nurse practitioner dated within 6 months after his application for disability retirement. IAF, Tab 11 at 21-37, Tab 13 at 70-71. To the extent this medical evidence was not submitted to OPM prior to its reconsideration decision, the Board is not limited to review of the record before OPM; rather, the Board must consider all relevant evidence in adjudicating a disability retirement appeal. *Cook v. Office of Personnel Management*, 31 M.S.P.R. 683, 686 (1986). Moreover, an appellant need not establish his disability retirement eligibility solely on objective medical evidence but may rely on subjective evidence, including the appellant's own description of his symptoms as reported to a medical professional. *Vanieken-Ryals v. Office of Personnel Management*, 508 F.3d 1034, 1040-41 (Fed. Cir. 2007); *Henderson v. Office of Personnel Management*, 117 M.S.P.R. 313, ¶¶ 21, 23 (2012); *Cook*, 31 M.S.P.R. at 686.

¶6      The administrative judge here evaluated all of the relevant evidence and concluded, based on sound reasoning, that the appellant's medical conditions were incompatible with useful and efficient service. ID at 7-12. This included the records of the December 2018 physical examination, which noted that the appellant suffered from hearing loss, swollen and painful joints, severe headaches, leg cramps, arthritis, trick knee, and foot trouble and did not show as checked for either box asking whether the appellant "is qualified for" or "is not qualified for" his position. IAF, Tab 11 at 108-09, 114. This is corroborated by the audiogram conducted on the same date, which revealed that hearing loss was present, including mild hearing loss in the appellant's right ear and severe hearing loss in his left ear. IAF, Tab 12 at 93. The medical evidence demonstrates that the appellant's hearing loss had been worsening in both ears. *Id.* at 82, 84, 93.

¶7      The administrative judge further considered a post-resignation evaluation of the appellant, which noted limitations on sitting for more than 1 hour, standing for more than 40 minutes, or walking more than 0.3 miles. ID at 6, 8; IAF, Tab 13 at 37-40. The evaluation noted a moderate pain profile during the testing, finding the appellant's reports of pain correlated with observed behaviors during

testing. *Id.* at 37. The appellant's reports of pain ranged from functionally disabling pain to very disabling pain concentrated over the left wrist, left elbow, and hips and knees. *Id.* Ultimately, the evaluation found the appellant functional at the "light-medium to medium" physical demand level. *Id.* at 39. The administrative judge noted that, although the examination would have been more helpful had it been closer to the date of the appellant's resignation, it nonetheless provided some value. ID at 11. Post-resignation medical evidence can be probative of a prior disability if "proximity in time, lay testimony, or some other evidence provides the requisite link to the relevant period." *Reilly v. Office of Personnel Management*, 571 F.3d 1372, 1382 (Fed. Cir. 2009). The administrative judge specifically found that the limitations noted in the post-resignation evaluation were corroborated by the testimony of the appellant and his wife as well as the medical evidence from prior to his resignation. ID at 11.

¶8      Regarding the testimony, the administrative judge credited the appellant's assertion that he could not safely or effectively perform the duties of the position. *Id.* She further credited the appellant's wife's testimony that, at the end of his career, the appellant could barely walk down a flight of steps and had to watch television at full volume and with closed captions due to his hearing loss. ID at 6, 8, 11. It is well established that subjective evidence including testimony may be entitled to great weight on the matter of disability, especially when such evidence is uncontradicted by the record. *Henderson*, 117 M.S.P.R. 313, ¶ 23. The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). OPM has not challenged these credibility determinations, and we see no sufficiently sound reasons to disturb them.

¶9     Ultimately, the administrative judge found the appellant's medical conditions and limitations incompatible with his position as a Federal Air Marshal, which required him to perform "arduous tasks," including lifting, pushing, pulling, subduing individuals, bending, walking up to 2 miles per day, and standing up to 3.3 hours at a time.  ID at 8; IAF, Tab 12 at 98-106.  She further found the appellant's hearing loss to be incompatible with his position, which required him to hear orders and instructions from up to 15 feet away, communicate and overhear conversations in a noisy environment, and "process auditory information on a continual basis and be capable of differentiating between auditory inputs."  ID at 8; IAF, Tab 12 at 98, 104.

¶10    In reaching her conclusion, the administrative judge properly considered the December 2018 physical examination and audiogram from before the appellant's resignation, his post-resignation functional capacity evaluation, and testimony from the appellant and his wife.  ID at 7-12; *see Henderson*, 117 M.S.P.R. 313, ¶ 19 (noting that the Board should consider objective clinical findings, diagnosis and medical opinions, and subjective evidence of pain and disability in determining entitlement to disability retirement).  Indeed, nothing in the law mandates that a single provider tie all of this evidence together.  *Henderson*, 117 M.S.P.R. 313, ¶ 19.  Accordingly, OPM's argument that the appellant failed to submit competent medical evidence surrounding his resignation is simply not supported by the record.

¶11    OPM additionally argues that, because the appellant failed to prove his disability was incompatible with useful and efficient service, there was no disability expected to last at least 1 year after the date of application.  PFR File, Tab 1 at 6-7.  As set forth above, the administrative judge correctly determined that the appellant's medical condition was incompatible with useful and efficient service.  The appellant's doctor and nurse practitioner both certified to OPM that the appellant's conditions would last at least 1 year from their assessments of the appellant.  IAF, Tab 11 at 21-27.  Accordingly, we agree with the administrative

judge that the appellant's disabling conditions will last more than 1 year from the date of his application for disability retirement benefits. ID at 11-12. OPM has not otherwise challenged the administrative judge's findings or provided any basis for reversal, and we decline to disturb those well-reasoned findings.

¶12    In response to the agency's petition for review, the appellant argues that the administrative judge incorrectly determined that he was not entitled to interim relief. PFR File, Tab 3 at 8-9. Although an agency's failure to provide interim relief can be a basis for dismissing a petition for review, 5 C.F.R. § 1201.116(d), we can find nothing in the record demonstrating that the administrative judge issued any order concerning interim relief. Thus, the agency was not obligated to provide interim relief. *See Francois v. Office of Personnel Management*, 64 M.S.P.R. 191, 193 n.1 (1994) (finding OPM was not required to provide interim relief when the administrative judge did not issue any order concerning such relief). Moreover, because the issuance of this decision terminates the interim relief period, the appellant's motion for interim relief is now moot. *Erickson v. U.S. Postal Service*, 120 M.S.P.R. 468, ¶ 12 (2013). If, however, the appellant believes that OPM is not in compliance with the now-final decision in this matter, he may file a petition for enforcement with the regional office. *See Francois*, 64 M.S.P.R. at 193 n.1; 5 C.F.R. § 1201.182.

## ORDER

¶13    We ORDER OPM to grant the appellant's application for disability retirement. OPM must complete this action no later than 20 days after the date of this decision.

¶14    We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order. The appellant, if not notified, should ask OPM about its progress. *See* 5 C.F.R. § 1201.181(b).

¶15     No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes OPM has not fully carried out the Board's Order, and should include the dates and results of any communications with OPM. *See* 5 C.F.R. § 1201.182(a).

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS**[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.